IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JULIO ALBERTO MARCOS, #1054154,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-1843-L |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Stiles Unit in Beaumont, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case: Petitioner entered negotiated guilty pleas to two aggravated sexual assault of a child offenses and fifteen indecency with a child offenses (contact and exposure). On August 1, 2001, the trial court imposed sentences that ranged from five years confinement to life imprisonment. *States v. Marcos*, Nos. F01-73042, F01-73043, F01-73324, F01-73325, F01-73326, F01-73327, F01-73328, F01-73329, F01-73330, F01-73331, F01-73332, F01-73333,

F01-73334, F01-73335, F01-73336, F01-73847, F01-73848.  The court of appeals dismissed Petitioner's direct appeals because the notices of appeal were untimely.  *Marcos v. State*, Nos. 05-03-00167-CR through 05-03-00183-CR (Tex. App. – Dallas Feb. 10, 2003, no pet.).  Thereafter, on February 22, 2002, Petitioner filed seventeen state habeas applications pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging each of his convictions.  The Texas Court of Criminal Appeals (TCCA) denied the applications without written orders on July 31, 2002.  *Ex parte Marcos*, Nos. WR-52,182-01 through -17.  In September and October 2008, Petitioner filed seventeen more state habeas applications on the basis of newly discovered evidence.  The TCCA dismissed all applications as second or successive in October 2008 and March 2009.  *Ex parte Marcos*, Nos. WR-52,182-19 through -35.[1]

In his federal petition, filed on September 29, 2009, Petitioner seeks to challenge his seventeen state convictions.  In six grounds, he claims that his trial attorney rendered ineffective assistance of counsel and was operating under a conflict of interest.  Petitioner also attacks the voluntariness of his guilty pleas, alleges incidents of prosecutorial misconduct, and claims that his confessions were coerced.[2]

---

[1]  The docket sheets for Petitioner's direct appeals and post-conviction writs are available on the website for the Fifth District Court of Appeals at Dallas, and the website for the Texas Court of Criminal Appeals.

[2]  The "mailbox rule" (which in *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), was extended to federal petitions filed by prisoners) is inapplicable to this case.  A review of the enveloped, scanned with the federal petition (Doc. #1), reflects the petition was mailed from Dallas, Texas, on September 28, 2009, not Petitioner's unit of confinement in Beaumont.  *Cousin v. Lensing*, 310 F.3d 843, 847 and n. 2 (5th Cir. 2002) (holding that prisoner litigants represented by an attorney were not entitled to the benefit of the mailbox rule, and noting that other circuits have declined to apply the mailbox rule to prisoner litigants who employ non-attorney intermediaries to file federal petitions).

<u>Findings and Conclusions</u>:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  The court may raise the affirmative defense of the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); Rule 4 of the Rules Governing § 2254 proceedings (requiring a district court to dismiss a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

On October 2, 2009, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be time barred or why the limitations period should be tolled on equitable grounds.  Petitioner filed his response on October 28, 2009, claiming that his federal petition is based on newly discovered evidence.  He states that he "has tried to get this evidence since 2001 and it has taken him as far as July 30, 2009, to receive some of the evidence produced in the Memorandum of Law for the 2254" petition.  (Pet's Resp. at 2).

In light of Petitioner's response, the court calculates the one-year statute of limitations from "the date on which the judgment [of convictions] became final by the conclusion of direct review or the expiration of the time for seeking such review," as well as from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(A) and (D).[3]

---

[3]     Section 2244(d)(1)(B)-(C) are inapplicable in this case.  Petitioner has alleged no state created impediment that prevented him from timely raising his claims.  Nor does he base his grounds on any new constitutional right under subparagraph (C).

Petitioner's convictions became final on August 31, 2001, thirty days after the judgments of conviction were filed. *See* Tex. R. App. P. 26.2(a)(1); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Thus, the one-year limitations period began to run on September 1, 2001, the day after Petitioner's convictions became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).[4]

As of February 22, 2002, the day on which Petitioner filed the first set of art. 11.07 applications, 174 days of the one-year limitations period had elapsed. The state applications remained pending until they were denied on July 31, 2002, during which time the one-year period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on August 1, 2002, and expired 191 days later on February 7, 2003. Statutory tolling is unavailable during the pendency of the second state applications, which were filed in 2008 long after the one-year period had elapsed. *See Scott*, 227 F.3d at 263 (statutory tolling unavailable if state habeas application is filed after one-year period has expired). Therefore, the federal petition, filed on September 29, 2009, more than six and one-half years after the one-year period had elapsed, is time barred under 2244(d)(1)(A).[5]

---

[4] The pendency of Petitioner's untimely appeals has no relevance to the statute of limitations analysis. *Alvarez v. Dretke*, 2005 WL 825744, *1 (W.D. Tex. Mar. 29, 2005) ("Although Petitioner sought to appeal in this case, the fact that he did so untimely is equivalent for AEDPA purposes [to] having failed to file any appeal at all."); *Roach v. Quarterman*, No. 3:05cv2439-P, 2006 WL 2586087, *3 (N.D. Tex. Dallas Div. Sept. 8, 2006) (accepting findings and conclusions of Magistrate Judge) (quoting *Kessinger v. Cockrell*, 2003 WL 22056005, *4 (N.D. Tex. 2003) ("The period of the pendency of a direct appeal dismissed for lack of jurisdiction because the appeal itself is untimely, cannot be counted as part of the time before 'the judgment became final by the conclusion of [direct] review' under § 2244(d)(1)(A).").

[5] The pendency of the motion for leave to file petition for writ of mandamus in 2007, *see In re Marcos*, WR-52,182-18, does not provide any basis for statutory tolling. The

A similar result obtains under § 2244(d)(1)(D). Even liberally construing Petitioner's allegations and the exhibits attached to the memorandum in support of the federal petition, it is clear that the main facts supporting his grounds for relief – primarily lack of evidence of penetration – became known or could have become known no later than July 2003, when he received the criminal files (including the long sought medical examinations of his victims) from defense counsel. Petitioner seeks to establish that the victims of his crimes lied or had a propensity to lie during the investigation leading to the indictments, but has not presented any evidence that any of his victims have admitted that they lied. More to the point since there were no trials, no jury could have been influenced by any allegedly perjured testimony.

Therefore, under the most liberal application of § 2244(d)(1)(D), the court concludes the one-year period would have begun to run no later than August 1, 2003 (after Petitioner received his criminal files from his defense counsel), and would have expired one year later on August 1, 2004, more than five years before the filing of the federal petition in this case. When Petitioner filed his second set of state applications in late 2008, the one-year period had long expired and, therefore, could not revivify the statutory tolling provision. *See Scott*, 227 F.3d at 263.

To the extent Petitioner seeks to assert that he is actually innocent of the crimes to which he pled guilty in light of the newly discovered evidence, and that his claim of actual innocence precludes the dismissal of this § 2254 petition, his claim is meritless. The one-year limitations period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. In this respect, the Fifth Circuit Court of Appeals has

---

Fifth Circuit has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period, which is unavailable in this case. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).[6]

Likewise Petitioner's assertion that the federal petition is timely because it was filed within less than one-year of the denials of the second group of state applications in 2008 and 2009 (Pet's Response at 2) is wholly without merit. The one-year period does not begin to run at the conclusion of state post-conviction review. *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July 15, 2002) (adopting recommendation of Magistrate Judge). The AEDPA provides that the one-year period commences upon the conclusion of *direct review* of a judgment of conviction, or upon the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); *see Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state

---

[6] "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853 (1993). Rather, a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 404.

Even under the most liberal construction of the federal petition and exhibits attached thereto, Petitioner has not shown that he has reliable new evidence that establishes he is actually innocent of the underlying crimes, and that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *See Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851 (1995); *see also Bousley v. United States,* 523 U.S. 614, 623, 118 S. Ct. 1604 (1998) (addressing actual innocence claim in context of guilty plea); *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999); *accord Finley v. Johnson,* 243 F.3d 215, 221 (5th Cir. 2001).

court. 28 U.S.C. § 2244(d)(2). The Fifth Circuit, as well as every other circuit that has construed § 2244(d), has interpreted it in this way. *See Harris*, 209 F.3d at 327-28.

In light of the above, the court concludes that the federal petition is clearly time barred absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). After his initial state applications were denied on July 31, 2002, Petitioner waited more than seven years before filing his § 2254 petition in this case. Moreover, he filed his federal petition more than 11 months after all but one of his second set of art. 11.07 applications had been dismissed for abuse of the writ. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In addition, neither Petitioner's "unfamiliarity with the legal process nor his lack of representation during the

7

applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

The party seeking equitable tolling bears the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the habeas corpus petition be dismissed with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

Signed this 15th day of January, 2010.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.