IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JULIO ALBERTO MARCOS**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:09-CV-1843-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the Findings, Conclusions and Recommendations of the United States Magistrate Judge, filed January 15, 2010 (the "Report"). After the court extended his objection deadline, Petitioner timely filed objections on March 10, 2010.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Magistrate Judge Wm. F. Sanderson, Jr. found that the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 and that Petitioner was not entitled to equitable tolling because he failed to demonstrate the required extraordinary circumstances and due diligence. Petitioner filed objections; he argues that his petition was filed within the statute of limitations and that he is entitled to equitable tolling.

Petitioner contends that his habeas petition falls within the one-year statute of limitations because it was filed within one year of the state court denying state habeas petitions filed in September and October 2008. The magistrate judge rejected this contention, finding that pursuant to section 2244(d)(1)(A), the statute of limitations began running on September 1, 2001, the day after Petitioner's conviction became final. He further determined that after tolling the statute of

**Memorandum Opinion Order – Page 1**

limitations during the pendency of Petitioner's first article 11.07 applications, it expired on July 31, 2002. He also found that Petitioner's claims are untimely under section 2244(d)(1)(D), because the latest date Petitioner might have learned of these claims was August 1, 2003, the date he received his criminal files from his attorney.

Petitioner also argues that the magistrate judge should have found that he was entitled to equitable tolling. He contends that he has been diligent in attempting to obtain information and did not receive certain deposition testimony relating to whether victims lied or had the propensity to lie until July 2009. The magistrate judge found that Petitioner had failed to show that he was entitled to equitable tolling because he waited more than seven years after he filed his initial state applications to file this federal petition and because he waited more than eleven months after his second set of state applications had been denied. The magistrate judge also found that the evidence Petitioner contends he was trying to obtain was included in the criminal files he received in July 2003. He also determined that there was no evidence that any of his victims admitted lying, and that, even if there was, there was no jury trial so no juror could have been influenced by allegedly perjured testimony.

The court has carefully reviewed Petitioner's objections, the magistrate judge's Report, and the habeas petition and supporting evidence. Petitioner has presented evidence that he continued to seek additional information and evidence relating to his case and that he did not receive certain evidence until July 2009. The magistrate judge noted, however, that evidence supporting his contention that there was no penetration was available to Petitioner in July 2003 when he received the criminal files from his attorney.

Petitioner argues that his claim is timely because he did not receive certain deposition testimony until 2009. These depositions were the testimony of expert witnesses in civil actions brought against him and his employer. This evidence appears to come from depositions taken between 2004 and 2006. Petitioner pleaded guilty and was sentenced on August 1, 2001. Thus, to the extent Petitioner argues that his plea agreement was involuntary or that his counsel was ineffective, the court finds that this evidence cannot support those claims because it was not available to him or his counsel when he made the decision to plead guilty.

If Petitioner is raising an actual innocence argument, this claim fails as well. First, a claim of actual innocence does not preclude the dismissal of a habeas petition as untimely. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003); *see also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000) ("Felder's actual innocence claim also does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent.") (footnote omitted). Moreover, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding," *Herrera v. Collins,* 506 U.S. 390, 400 (1993), as a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 404.

Even assuming a sufficient constitutional claim, Petitioner cannot meet the high standard for actual innocence. To establish actual innocence, petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal citations and quotations omitted). *See also*

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999); *Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001). The court finds that the evidence presented to Petitioner fails to meet this standard. The deposition testimony does not demonstrate that any of Petitioner's victims actually lied about his conduct; it merely reflects certain expert witnesses's concerns that children sometimes do lie in the context of investigating sexual abuse. It also demonstrates that Petitioner admitted to some of the conduct for which he is currently incarcerated. The court also finds that Petitioner has not shown that he is entitled to equitable tolling. Accordingly, the court **overrules** Petitioner's objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct, and **accepts** them as those of the court. The court therefore **dismisses with prejudice** the writ of habeas corpus as barred by the one-year limitations period.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Memorandum Opinion Order – Page 4**

correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

    **It is so ordered** this 26th day of April, 2010.

*[signature]*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion Order – Page 5**